IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 06-00145-01-CR-W-HFS |
| RAYMOND A. DELACUZ, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On July 24, 2006, counsel for Defendant filed a motion pursuant to 18 U.S.C. § 4241 for a judicial determination of Defendant's mental competency (Doc. No. 28). Defendant was examined by Dr. Jason V. Dana, Psy.D, a forensic psychologist, who prepared a report dated November 1, 2006.

On November 11, 2006, I held a competency hearing. Defendant was present, represented by appointed counsel Travis Poindexter. The government was represented by Mike Warner. During the hearing, both parties stipulated to Dr. Dana's report, but agreed that further evaluation needed to be conducted before determining Defendant's competency (Tr. at 2-4). Upon the joint motion of the parties, I ordered that Defendant undergo a second psychological evaluation that would be conducted locally by Dr. John H. Wisner (Doc. No. 36).

I received a report from Dr. Wisner dated December 21, 2006. On January 8, 2007, I held a competency hearing. Defendant was present, represented by appointed counsel Travis Poindexter. The government was represented by Assistant United States Attorney Mike Warner. The parties stipulated to the contents and findings of Dr. Wisner (Tr. at 2-3). Mr. Poindexter conveyed that Defendant did not want any type of continuation or delay regarding the

proceedings in his case (Tr. at 3).  Additionally, Mr. Poindexter requested that the court recommend Defendant be sent to Springfield, Missouri, for treatment (Tr. at 4).

Based upon the uncontroverted evidence stipulated to by the parties in this case, I find that Defendant is not competent to stand trial and to assist in his defense.  Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding Defendant incompetent to stand trial and to assist in his defense.  It is further

RECOMMENDED that the court commit Defendant to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d).  It is further

RECOMMENDED that the court include language in its order requesting that, if feasible, Defendant be sent to Springfield, Missouri, for treatment.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
January 10, 2007